ARDC No. 6276278                                          3007042-MJM/CMK

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| THOMAS LAYBURN and CINDY LAYBURN, <br><br> Plaintiffs, <br><br> vs. <br><br> HYD MEC GROUP LIMITED, <br><br> Defendant. | FILED: MAY 16, 2008 <br> 08CV2876  NF <br> JUDGE ANDERSEN <br> MAGISTRATE JUDGE SCHENKIER <br><br> No. _____ |

### NOTICE OF REMOVAL TO FEDERAL COURT

NOW COMES the Defendant, HYD-MECH GROUP LIMITED, by and through its attorneys, SmithAmundsen LLC, and pursuant to 28 USC §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

1. The Movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. In her Complaint filed in the Circuit Court of Cook County, Illinois, Plaintiff alleges that the action stems from a slip and fall occurring at 7000 Mannheim Road, Rosemont, Illinois on November 3, 2007.

3. This action is removable to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1441, which provides that any civil action brought in a state court of which the district courts of the United States have original jurisdiction,

may be removed by the Defendants to the district court of the United States for the district and division embracing the place where such action is pending.

4.  Complete diversity exists between the parties in this case, as detailed in HYD-MECH GROUP LIMITED's Memorandum of Law in Support of Defendant HYD-MECH GROUP LIMITED's Notice of Removal to Federal Court filed concurrently herewith.

5.  This Notice of Removal is filed timely within 30 days after HYD-MECH GROUP LIMITED was served in compliance with 28 U.S.C. Section 1446(b).

6.  Defendant has attached hereto as Exhibit "A", copies of the complaint, evidence of process, motions, and orders served upon it in this action. No other processes, pleadings or orders, other than the documents attached hereto, have been served upon or delivered to Defendant. The attached documents do not evidence intent to litigate this matter in state court.

7.  In Support of this Notice of Removal, Defendant has submitted a Memorandum of Law in Support of Removal, attached hereto.

WHEREFORE, Defendant, HYD-MECH GROUP LIMITED, prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully Submitted,

SMITHAMUNDSEN LLC

/s/ Camille M. Knight
Attorney for Defendant
HYD-MECH GROUP LIMITED

Michael J. McGowan
Camille M. Knight
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200
IL ARDC No. 6276278

## CERTIFICATE OF SERVICE

      I, Camille M. Knight, hereby certify that on the 19th day of May, 2008, I electronically filed the foregoing Notice of Removal to Federal Court, with the Clerk of the Court using the CM/ECF system. A copy of the foregoing has also been sent via first class mail to:

Robert J. Adelman
Levin Riback Law Group
200 North LaSalle Street, #2300
Chicago, IL 60601

                                              /s/Camille M. Knight

Case 1:08-cv-02876   Document 1   Filed 05/16/2008   Page 3 of 11

SEL/DCM/kkm          07-201     04/09/08     #21683

STATE OF ILLINOIS     )
                      ) SS.
COUNTY OF COOK        )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

THOMAS LAYBURN and          )
CINDY LAYBURN,              )
          Plaintiffs,       )
                            )   Case No.  2008L003988
     v.                     )             CALENDAR/ROOM B
                            )             TIME 00:00
HYD-MEC GROUP LIMITED,      )             Product Liability
                            )
          Defendant.        )

## COMPLAINT AT LAW

COUNT I – STRICT LIABILITY IN TORT – HYD-MEC GROUP LIMITED

NOW COMES the plaintiff hereto, THOMAS LAYBURN, by and through his attorneys SUSAN E. LOGGANS & ASSOCIATES, P.C., complaining of the defendant HYD-MEC GROUP LIMITED, a Canadian corporation, upon information and belief states as follows:

1. On and prior to November 21, 2007, defendant HYD-MEC GROUP LIMITED was a corporation authorized to transact business in the State of Illinois and specializes in manufacturing and servicing large sawing machines.

2. On and prior to November 21, 2007, defendant HYD-MEC GROUP LIMITED did design, manufacture, sell, distribute and maintain specialty steel cutters.

3. On November 21, 2007, one of the steel cutting machines designed, manufactured, distributed, maintained and/or sold by the defendant HYD-MEC


EXHIBIT A

GROUP LIMITED, model HYD-MEC H-22A, was in possession of Crucible Service Centers (CSC), in the City of Romeoville, County of Will, State of Illinois.

4. On and prior to November 21, 2007, the plaintiff, THOMAS LAYBURN, was an employee of CSC, and was required to cut large and small diameters into steel plates using the HYD-MEC H-22A. CSC bought the HYD-MEC H-22A steel cutter used by the plaintiff directly from HYD-MEC Group Limited.

5. On November 21, 2007, while the plaintiff THOMAS LAYBURN was in the normal course of his duties and was utilizing the aforesaid HYD-MEC H-22A, he was injured.

6. Prior to November 21, 2007, at the time the HYD-MEC H-22A left the control of defendant HYD-MEC GROUP LIMITED, it was in a condition that was unreasonably dangerous in one or more of the following ways:

  (a) Had insufficient safeguards to prevent users of the HYD-MEC H-22A from turning the switch to the "Close" position for the vise.

  (b) Did not contain appropriate mechanisms to prevent the switch from automatically shutting when the switch is turned to the "Close" position, causing the vise to instantly shut, when feasible, alternative designs were available.

  (c) Did not contain appropriate warning signs and instructions for the safe operation and use of the HYD-MEC H-22A; and

  (d) Did not contain appropriate mechanisms for stopping the vice when the switch was in the "Close" position as it did for when the switch is in the "Open" position.

7.  As a proximate result of one or more of the aforesaid unreasonably dangerous conditions of the aforesaid HYD-MEC H-22A, the plaintiff, THOMAS LAYBURN, suffered severe and permanent injury of a personal and pecuniary nature.

WHEREFORE the plaintiff, THOMAS LAYBURN, prays that judgment be entered in his favor and against the defendant HYD-MEC GROUP LIMITED, a corporation, in an amount in excess of $50,000.00, plus costs incurred in the prosecution of this action.

## COUNT II – NEGLIGENCE – HYD-MEC GROUP LIMITED

NOW COMES the plaintiff hereto THOMAS LAYBURN, by and through his attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining of the defendant HYD-MEC GROUP LIMITED, a Canadian corporation, upon information and belief, states as follows:

1.  On and prior to November 21, 2007, defendant HYD-MEC GROUP LIMITED was a corporation authorized to transact business in the State of Illinois and was in the business of designing, manufacturing, distributing, selling and maintaining HYD-MEC H-22A steel cutters.

2.  On and prior to November 21, 2007, defendant, HYD-MEC GROUP LIMITED, did design, manufacture, distribute, sell and maintain said HYD-MEC H-22A's.

3.  On November 21, 2007, one of the HYD-MEC H-22A's designed, manufactured, distributed, sold and maintained by defendant HYD-MEC GROUP LIMITED, Model HYD-MEC H-22A was in the possession of CSC and defendant

HYD-MEC GROUP LIMITED transported and placed said HYD-MEC H-22A to CSC, located in Romeoville, Illinois.

4. On and prior to November 21, 2007, the plaintiff THOMAS LAYBURN, was an employee of CSC, and worked on a two year-old HYD-MEC H-22A steel cutting machine.

5. On November 21, 2007, while the plaintiff THOMAS LAYBURN was in the normal course of his duties and using the aforesaid HYD-MEC H-22A, he was injured.

6. At all times relevant hereto, it was the duty of the defendant HYD-MEC GROUP LIMITED to manufacture, design, sell, distribute and maintain said HYD-MEC H-22A in a safe and reasonable manner so as not to cause injury to those utilizing the HYD-MEC H-22A including the plaintiff THOMAS LAYBURN.

7. Notwithstanding the aforesaid duty, on and prior to November 21, 2007, the defendant HYD-MEC GROUP LIMITED by and through its duly authorized agents, employees and servants committed one or more of the following negligent acts or omissions:

> (a) Had insufficient safeguards to prevent users of the HYD-MEC H-22A from turning the switch to the "Close" position for the vise.
>
> (b) Did not contain appropriate mechanisms to prevent the switch from automatically shutting when the switch is turned to the "Close" position, causing the vise to instantly shut, when feasible, alternative designs were available.
>
> (c) Did not contain appropriate warning signs and instructions for the safe operation and use of the HYD-MEC H-22A; and

(d) Did not contain appropriate mechanisms for stopping the vice when the switch was in the "Close" position as it did for when the switch is in the "Open" position.

(e) Failed to ensure that the HYD-MEC H-22A was safe for those utilizing it.

(f) Failed to properly maintain and repair the HYD-MEC H-22A in a safe and reasonable manner, so that users of the HYD-MEC H-22A, including the plaintiff, THOMAS LAYBURN, would not become injured.

8. As a proximate result of one or more of the aforesaid negligent acts and/or omissions committed by the defendant HYD-MEC GROUP LIMITED, the plaintiff THOMAS LAYBURN suffered severe and permanent injury of a personal and pecuniary nature.

WHEREFORE the plaintiff THOMAS LAYBURN prays that judgment be entered in his favor and against the defendant HYD-MEC GROUP LIMITED, a corporation, in an amount in excess of $50,000.00, plus costs incurred in the prosecution of this action.

COUNT III – LOSS OF CONSORTIUM – HYD-MEC GROUP LIMITED

NOW COMES the plaintiff hereto, CINDY LAYBURN, by and through her attorneys SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining of the defendant HYD-MEC GROUP LIMITED, a corporation, upon information and belief states as follows:

1. The plaintiff, CINDY LAYBURN, repleads, restates and realleges Paragraphs one (1) through seven (7), inclusive of

Count II as and for Paragraphs one (1) through seven (7) of this Count III as though fully stated herein.

8. Before, on and after November 21, 2007, CINDY LAYBURN was married to THOMAS LAYBURN.

9. As a proximate result of one or more of the foregoing negligent acts or omissions committed by the defendant HYD-MEC GROUP LIMITED, the plaintiff CINDY LAYBURN suffered and will in the future continue to suffer loss of consortium and has been denied the comfort, counsel and society of THOMAS LAYBURN.

WHEREFORE the plaintiff hereto CINDY LAYBURN prays that judgment be entered in her favor and against the defendant, HYD-MEC GROUP LIMITED, a corporation in an amount in excess of $50,000.00, plus costs incurred in the prosecution of this action.

SUSAN E. LOGGANS & ASSOCIATES, P.C.
Attorneys for Plaintiffs

BY: _____
DEVIN C. MCNULTY

SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 N. LaSalle Street, Suite 1710
Chicago, IL 60602
(312) 201-8600

STATE OF ILLINOIS    )
                     ) SS.
COUNTY OF   COOK     )

IN THE CIRCUIT COURT OF ___COOK___ COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

THOMAS LAYBURN and
CINDY LAYBURN                        )
                                     )
                                     )
            Plaintiff(s),            )
                                     )
       vs.                           )   NO.
                                     )
HYD-MEC GROUP LIMITED                )
                                     )
                                     )
            Defendant(s)             )

**RULE 222 AFFIDAVIT**

I/We, ~~THOMAS LAYBURN~~ CINDY LAYBURN , being first duly sworn on oath depose and state as follows:

1. I/We am/are the plaintiff(s) in the above entitled cause of action.
2. The total money damages sought in the above cause of action will exceed the amount of $50,000.

_[signatures: Thomas J. Layburn, Cindy R. Layburn]_

SUBSCRIBED AND SWORN to before me
This __9__ day of __April__, __2008__.

_[signature]_
NOTARY PUBLIC

Official Seal
Jamie Borowski
Notary Public State of Illinois
My Commission Expires 02/27/2012

SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 North LaSalle Street, Suite 1710
Chicago, IL 60602
312-201-8600
#21683

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(Rev.12/3/01) CCG 000:

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

THOMAS LAYBURN and
CINDY LAYBURN

    Plaintiff's

    v.

HYD-MEC GROUP LIMITED

    Defendant.

2008L003888
CALENDAR/ROOM B
TIME 00:00
Product Liability

PLEASE SERVE:
Kevin Winter
291 West Grant Street
St. Anne, IL 60964

## SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which i hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court a the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room ____801____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons sha be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: _____21683_____
Name: _____SUSAN E. LOGGANS & ASSOCIATES_____
Atty. for: _____PLAINTIFF_____
Address: _____33 N. LASALLE, SUITE 1710_____
City/State/Zip: _____CHICAGO, IL 60602_____
Telephone: _____312-201-8600_____

WITNESS, _____

*Dorothy Brown*
Clerk of Court
4-21-08

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
                                                           (Area Code)  (Facsimile Tele

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK C(**

SEL/DCM/kkm    07-201    04/09/08    #21683

STATE OF ILLINOIS    )
                     ) SS.
COUNTY OF COOK       )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

THOMAS LAYBURN and           )
CINDY LAYBURN,               )
         Plaintiffs,         )
                             )   Case No. 2008L003988
    v.                       )            CALENDAR/ROOM B
                             )            TIME 00:00
HYD-MEC GROUP LIMITED,       )            Product Liability
                             )
         Defendant.          )

## COMPLAINT AT LAW

COUNT I – STRICT LIABILITY IN TORT – HYD-MEC GROUP LIMITED

NOW COMES the plaintiff hereto, THOMAS LAYBURN, by and through his attorneys SUSAN E. LOGGANS & ASSOCIATES, P.C., complaining of the defendant HYD-MEC GROUP LIMITED, a Canadian corporation, upon information and belief states as follows:

1. On and prior to November 21, 2007, defendant HYD-MEC GROUP LIMITED was a corporation authorized to transact business in the State of Illinois and specializes in manufacturing and servicing large sawing machines.

2. On and prior to November 21, 2007, defendant HYD-MEC GROUP LIMITED did design, manufacture, sell, distribute and maintain specialty steel cutters.

3. On November 21, 2007, one of the steel cutting machines designed, manufactured, distributed, maintained and/or sold by the defendant HYD-MEC


EXHIBIT A

GROUP LIMITED, model HYD-MEC H-22A, was in possession of Crucible Service Centers (CSC), in the City of Romeoville, County of Will, State of Illinois.

4.  On and prior to November 21, 2007, the plaintiff, THOMAS LAYBURN, was an employee of CSC, and was required to cut large and small diameters into steel plates using the HYD-MEC H-22A. CSC bought the HYD-MEC H-22A steel cutter used by the plaintiff directly from HYD-MEC Group Limited.

5.  On November 21, 2007, while the plaintiff THOMAS LAYBURN was in the normal course of his duties and was utilizing the aforesaid HYD-MEC H-22A, he was injured.

6.  Prior to November 21, 2007, at the time the HYD-MEC H-22A left the control of defendant HYD-MEC GROUP LIMITED, it was in a condition that was unreasonably dangerous in one or more of the following ways:

(a) Had insufficient safeguards to prevent users of the HYD-MEC H-22A from turning the switch to the "Close" position for the vise.

(b) Did not contain appropriate mechanisms to prevent the switch from automatically shutting when the switch is turned to the "Close" position, causing the vise to instantly shut, when feasible, alternative designs were available.

(c) Did not contain appropriate warning signs and instructions for the safe operation and use of the HYD-MEC H-22A; and

(d) Did not contain appropriate mechanisms for stopping the vice when the switch was in the "Close" position as it did for when the switch is in the "Open" position.

7. As a proximate result of one or more of the aforesaid unreasonably dangerous conditions of the aforesaid HYD-MEC H-22A, the plaintiff, THOMAS LAYBURN, suffered severe and permanent injury of a personal and pecuniary nature.

WHEREFORE the plaintiff, THOMAS LAYBURN, prays that judgment be entered in his favor and against the defendant HYD-MEC GROUP LIMITED, a corporation, in an amount in excess of $50,000.00, plus costs incurred in the prosecution of this action.

## COUNT II – NEGLIGENCE – HYD-MEC GROUP LIMITED

NOW COMES the plaintiff hereto THOMAS LAYBURN, by and through his attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining of the defendant HYD-MEC GROUP LIMITED, a Canadian corporation, upon information and belief, states as follows:

1. On and prior to November 21, 2007, defendant HYD-MEC GROUP LIMITED was a corporation authorized to transact business in the State of Illinois and was in the business of designing, manufacturing, distributing, selling and maintaining HYD-MEC H-22A steel cutters.

2. On and prior to November 21, 2007, defendant, HYD-MEC GROUP LIMITED, did design, manufacture, distribute, sell and maintain said HYD-MEC H-22A's.

3. On November 21, 2007, one of the HYD-MEC H-22A's designed, manufactured, distributed, sold and maintained by defendant HYD-MEC GROUP LIMITED, Model HYD-MEC H-22A was in the possession of CSC and defendant

HYD-MEC GROUP LIMITED transported and placed said HYD-MEC H-22A to CSC, located in Romeoville, Illinois.

4. On and prior to November 21, 2007, the plaintiff THOMAS LAYBURN, was an employee of CSC, and worked on a two year-old HYD-MEC H-22A steel cutting machine.

5. On November 21, 2007, while the plaintiff THOMAS LAYBURN was in the normal course of his duties and using the aforesaid HYD-MEC H-22A, he was injured.

6. At all times relevant hereto, it was the duty of the defendant HYD-MEC GROUP LIMITED to manufacture, design, sell, distribute and maintain said HYD-MEC H-22A in a safe and reasonable manner so as not to cause injury to those utilizing the HYD-MEC H-22A including the plaintiff THOMAS LAYBURN.

7. Notwithstanding the aforesaid duty, on and prior to November 21, 2007, the defendant HYD-MEC GROUP LIMITED by and through its duly authorized agents, employees and servants committed one or more of the following negligent acts or omissions:

> (a) Had insufficient safeguards to prevent users of the HYD-MEC H-22A from turning the switch to the "Close" position for the vise.
>
> (b) Did not contain appropriate mechanisms to prevent the switch from automatically shutting when the switch is turned to the "Close" position, causing the vise to instantly shut, when feasible, alternative designs were available.
>
> (c) Did not contain appropriate warning signs and instructions for the safe operation and use of the HYD-MEC H-22A; and

(d) Did not contain appropriate mechanisms for stopping the vice when the switch was in the "Close" position as it did for when the switch is in the "Open" position.

(e) Failed to ensure that the HYD-MEC H-22A was safe for those utilizing it.

(f) Failed to properly maintain and repair the HYD-MEC H-22A in a safe and reasonable manner, so that users of the HYD-MEC H-22A, including the plaintiff, THOMAS LAYBURN, would not become injured.

8. As a proximate result of one or more of the aforesaid negligent acts and/or omissions committed by the defendant HYD-MEC GROUP LIMITED, the plaintiff THOMAS LAYBURN suffered severe and permanent injury of a personal and pecuniary nature.

WHEREFORE the plaintiff THOMAS LAYBURN prays that judgment be entered in his favor and against the defendant HYD-MEC GROUP LIMITED, a corporation, in an amount in excess of $50,000.00, plus costs incurred in the prosecution of this action.

## COUNT III – LOSS OF CONSORTIUM – HYD-MEC GROUP LIMITED

NOW COMES the plaintiff hereto, CINDY LAYBURN, by and through her attorneys SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining of the defendant HYD-MEC GROUP LIMITED, a corporation, upon information and belief states as follows:

1. The plaintiff, CINDY LAYBURN, repleads, restates and realleges Paragraphs one (1) through seven (7), inclusive of

    . Count II as and for Paragraphs one (1) through seven (7) of this

    Count III as though fully stated herein.

8.    Before, on and after November 21, 2007, CINDY LAYBURN

    was married to THOMAS LAYBURN.

9.    As a proximate result of one or more of the foregoing negligent

    acts or omissions committed by the defendant HYD-MEC

    GROUP LIMITED, the plaintiff CINDY LAYBURN suffered

    and will in the future continue to suffer loss of consortium and

    has been denied the comfort, counsel and society of THOMAS

    LAYBURN.

WHEREFORE the plaintiff hereto CINDY LAYBURN prays that judgment be entered

in her favor and against the defendant, HYD-MEC GROUP LIMITED, a corporation

in an amount in excess of $50,000.00, plus costs incurred in the prosecution of this

action.

            SUSAN E. LOGGANS & ASSOCIATES, P.C.
                 Attorneys for Plaintiffs

            BY: _____
                 DEVIN C. MCNULTY

SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 N. LaSalle Street, Suite 1710
Chicago, IL  60602
(312) 201-8600

STATE OF ILLINOIS   )
                    ) SS.
COUNTY OF   COOK    )

IN THE CIRCUIT COURT OF ___COOK___ COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

THOMAS LAYBURN and
CINDY LAYBURN                               )
                                            )
                                            )
            Plaintiff(s),                   )
                                            )
      vs.                                   )  NO.
                                            )
HYD-MEC GROUP LIMITED                       )
                                            )
                                            )
            Defendant(s)                    )

**RULE 222 AFFIDAVIT**

I/We, _THOMAS LAYBURN / CINDY LAYBURN_, being first duly sworn on oath depose and state as follows:

1. I/We am/are the plaintiff(s) in the above entitled cause of action.
2. The total money damages sought in the above cause of action will exceed the amount of $50,000.

_____
_____

SUBSCRIBED AND SWORN to before me
This __9__ day of __April__, __2008__.

_____
NOTARY PUBLIC

Official Seal
Jamie Borowski
Notary Public State of Illinois
My Commission Expires 02/27/2012

SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 North LaSalle Street, Suite 1710
Chicago, IL 60602
312-201-8600
#21683

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(Rev.12/3/01) CCG 000:

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT,** _____LAW_____ **DIVISION**

THOMAS LAYBURN and
CINDY LAYBURN

    Plaintiff's

    v.

HYD-MEC GROUP LIMITED

    Defendant.

No. 2008L003888
CALENDAR/ROOM B
TIME 00:00
Product Liability

PLEASE SERVE:
Kevin Winter
291 West Grant Street
St. Anne, IL 60964

## SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which i hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court i the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, wit endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons sha be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: __21683__
Name: __SUSAN E. LOGGANS & ASSOCIATES__
Atty. for: __PLAINTIFF__
Address: __33 N. LASALLE, SUITE 1710__
City/State/Zip: __CHICAGO, IL 60602__
Telephone: __312-201-8600__

WITNESS, _____

*Dorothy Brown*
Clerk of Court
4-21-08

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Tele

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK C(