UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE ANDERSEN**
**MAGISTRATE JUDGE SCHENKIER**

| | |
|---|---|
| **THOMAS LAYBURN and CINDY LAYBURN,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CV 2876 |
| ) | |
| **HYD MEC GROUP LIMITED** ) | |
| ) | |
| Defendants. ) | |

### INTERVENING PETITION

NOW COMES the Intervening Petitioner, SENTRY CLAIMS SERVICE FOR THE USE AND BENEFIT OF CRUCIBLE SERVICE CENTERS, by and through its attorneys, GAROFALO, SCHREIBER, HART & STORM, CHARTERED, and for its petition to intervene, states as follow:

1. That on or about November 21, 2007, Plaintiff, Thomas Layburn, was employed by CRUCIBLE SERVICE CENTERS, and allegedly sustained injuries arising out of an in the course of his employment, which injuries are the subject of the underlying lawsuit.

2. That on or about November 21, 2007, Thomas Layburn, was operating under the provisions of the Illinois Workers' Compensation Act and that a workers' compensation policy issued by Sentry Claims Service, was in effect on said date.

3. That as a result of the alleged accidental injuries sustained by plaintiff, Thomas Layburn, on behalf of Crucible Service Centers Sentry Claims Service, has been required to make payments for workers' compensation benefits and medical expenses.

4. That Section 5 of the Illinois Workers' Compensation Act provides that no settlement or judgment in a case brought by the employee shall be valid without the employer's consent or without the employer being fully indemnified or protected by Court Order. Said statutory provision provides as follows:

> "No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both the employer and employee or his personal representative, except in the case of the employers, such consent is not required where the employer has been fully indemnified or protected by Court Order." 820 ILCS 305/5(b) (West's Smith-Hurd 1993).

5. The employer shall have the right to file an Intervening Petition in any action filed by the employee for which the employer has a reimbursement under Section 5 of the Illinois Workers' Compensation Act. Such provision provides as follows:

> "The employer may, at any time thereafter, join in the action upon his motion so that all orders of Court after hearing and judgment shall be made for his protection." 820 ILCS 305/5(b) (West's Smith-Hurd 1993)

WHEREFORE, the Intervening Petitioner prays that for relief in accordance with Section 5 of the Illinois Workers' Compensation Act in the following respects:

A. All dispositive Orders of the Court shall be made for the protection of the reimbursement rights of the employer under Section 5 of the Illinois Workers' Compensation Act 820 ILCS 305/5;

B. That Sentry Claims Service for the use and benefit of Crucible Service Centers shall be served with all pleadings and discovery filed in this matter.

C. That Sentry Claims Service for the use and benefit of Crucible Service Centers' participation in the prosecution of said suit shall be governed by Section 5 of the Illinois Workers' Compensation Act, 820 ILCS 305/5.

                      GAROFALO, SCHREIBER, HART & STORM, CHTD

            By:   /s/ Philip G. Brinckerhoff
                  Philip G. Brinckerhoff
                  Attorney for Intervening Petitioner
                  Sentry Claims Service for the use and Benefit of
                  Crucible Service Centers


GAROFALO, SCHREIBER, HART & STORM, CHTD
55 West Wacker Drive, 10th Floor
Chicago, Illinois 60601
(312) 670-2000