ARDC No.  6276278                                            3007042-MJM/CMK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS LAYBURN and
CINDY LAYBURN,

     Plaintiffs,

vs.                                                          No. 08 CV 2876

HYD MEC GROUP LIMITED,

     Defendant.

### REPORT OF PARTIES PLANNING MEETING

COME NOW the parties, pursuant to Fed. R. Civ. P. 26(f) and the Local Rules of Court, submit the following Report in accordance with the Court's order of June 17, 2008, as follows:

1. <u>Case Name and Parties:</u>  The case name and caption is set forth above.  Additionally, Sentry Claims Service on behalf of Plaintiff Thomas Layburn's employer, Crucible Service Centers, has filed an Intervening Petition in this matter.

2. <u>Due Date of Report:</u>  Pursuant to the Court's order on June 17, 2008, this report is due by July 10, 2008.

3. <u>Conference and Names of Attorneys:</u>  Pursuant to Fed.R.Civ.P. 26(f), the parties have conducted several meetings via teleconference and electronic correspondence from June 18, 2008 through June 23, 2008.  The meetings were attended by:

> Devin C. McNulty* for Plaintiffs Thomas Layburn and Cindy Layburn; Camille M. Knight for Defendant Hyd-Mech Group Limited; and Philip G. Brinckerhoff* for Intervening Petitioner Sentry Claims Service on behalf of  Crucible Service Centers.

4. <u>Description of Claims:</u>

    a. Plaintiffs' claims asserted in their complaint are as follows:

Prior to November 21, 2007, at the time the HYD-MEC H-22A left the control of defendant HYD-MEC GROUP LIMITED, it was in a condition that was unreasonably dangerous in one or more of the following ways:

(1) Had insufficient safeguards to prevent users of the HYD-MEC H-22A from turning the switch to the "Close" position for the vise;

(2) Did not contain appropriate mechanisms to prevent the switch from automatically shutting when the switch is turned to the "Close" position, causing the vise to instantly shut, when feasible, alternative designs were available;

(3) Did not contain appropriate warning signs and instructions for the safe operation and use of the HYD-MEC H-22A; and

(4) Did not contain appropriate mechanisms for stopping the vice when the switch was in the "Close" position as it did for when the switch is in the "Open" position.

As a proximate result of one or more of the aforesaid unreasonably dangerous conditions of the aforesaid HYD-MEC H-22A, the plaintiff, THOMAS LAYBURN, suffered severe and permanent injury of a personal and pecuniary nature

      b.      Defendant Hyd-Mech Group Limited has denied the allegations in Plaintiffs' complaint, and has filed the following affirmative defenses: 1) Plaintiffs' claims should be barred by the applicable statute of repose; 2) assumption of risk by Plaintiff Thomas Layburn; 3) misuse of the product by Plaintiff Thomas Layburn; and 4) contributory negligence.

      5.      <u>Prospects of Settlement:</u>  Prospects of settlement are unknown at this time. The parties contemplate scheduling an inspection of the product at issue with their respective experts (once retained), after which the parties may be able to have a productive discussion regarding the prospects of settlement.

The earliest date on which they would be able to attend a settlement conference (with clients) with the Court or other designated official is also unknown at this time. The parties believe

that, initially, the inspection noted above, as well as written and oral discovery, is necessary for them to meaningfully assess settlement.

6.  <u>Pre-Discovery Disclosures:</u> The parties will exchange by July 31, 2008 the information required by Fed.R.Civ.P. 26(a)(1).

7.  <u>Discovery Plan:</u> The parties jointly propose to the court the following discovery plan:

a)  Discovery will be needed on the following subjects:

   1)  The condition of the steel cutting saw at issue;
   2)  Modifications made to the steel cutting saw at issue, including maintenance;
   3)  Plaintiff Thomas Layburn's use of the steel cutting saw at issue; and
   4)  The nature and extent of Plaintiffs' injuries and damages.

b)  **\*\* Despite the efforts of counsel for Plaintiffs and Defendant to reach a consensus on deadlines, the parties have been unable to agree.  Following are dates proposed by the respective parties:**

All non-expert discovery, including medical discovery, should be commenced in time to be completed by **August 17, 2009 (proposed by Defendant) / April 17, 2009 (proposed by Plaintiffs).**

c)  The parties propose the following variation on the federal rule limitations for interrogatories and depositions:  a maximum of 35 interrogatories by each party to any other party.

d)  Reports from retained experts under Rule 26(a)(2) are due:

from Plaintiffs by **September 17, 2009 (proposed by Defendant) / May 17, 2009 (proposed by Plaintiffs)**;

from Defendant by **November 17, 2009 (proposed by Defendant) / June 17, 2009 (proposed by Plaintiffs).**

e)  All retained expert depositions should be completed by **December 17, 2009 (proposed by Defendant) / July 17, 2009 (proposed by Plaintiffs).**

8. <u>Pretrial/Trial Plan:</u>

a) Final Pretrial Order (in the form required by Local Rule 16.1(a) or by the Standing Order of the presiding trial judge) should be done by **April 17, 2010 (proposed by Defendant) / January 17, 2010 (proposed by Plaintiffs)**.

b) The case should be ready for trial by **July 17, 2010 (proposed by Defendant) / February 17, 2010 (proposed by Plaintiffs)**.

9. <u>Magistrate Judge Consent</u>: All parties **are** willing to execute a consent to have all proceedings, including trial and entry of final judgment take place before a magistrate judge.

10. <u>Other Matters:</u> The parties request that the Court make a determination of the appropriate deadlines after considering those proposed by Plaintiffs and Defendant, and would further request a short hearing on the matter before the Court enters the scheduling order.

Date: July 10, 2008.

Respectfully submitted:

  /s/  Devin C. McNulty
Counsel for Plaintiffs
Thomas Layburn and Cindy Layburn
SUSAN F. LOGGANS & ASSOCIATES
33 N. LaSalle, Suite 1710
Chicago, IL 60602


  /s/  Camille M. Knight
Counsel for Defendant
Hyd-Mech Group Limited
SMITH AMUNDSEN LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601


  /s/  Philip G. Brinckerhoff
Counsel for Intervening Petitioner
Sentry Claims Service on behalf of Crucible Service Centers
GAROFALO, SCHREIBER, HART & STORM
55 W. Wacker Drive, 10th Floor
Chicago, IL 60601